**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

GARY BRANCH,

Plaintiff,

v. Case No. 8:26-cv-1557-KKM-AAS

LVNV FUNDING, LLC, RESURGENT CAPITAL SERVICES L.P., and CREDIT CONTROL, LLC,

Defendants.

---

# ORDER

Gary Branch sues LVNV Funding, LLC, Resurgent Capital Services L.P., and Credit Control, LLC, alleging that the defendants violated the Fair Debt Collection Practices Act (FDCPA) by sending unlawful debt collection communications. *See* Am. Compl. (Doc. 3). Credit Control moves to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. *See* MTD (Doc. 12). Branch opposes. Resp. (Doc. 14). Credit Control replies. Reply (Doc. 28). For the reasons below, I grant the motion.

## I. BACKGROUND

Resurgent Capital Services L.P. is a Delaware-based debt collection agency. Am. Compl. ¶¶ 7, 12–13. On April 30, 2026, Branch received an email

from Resurgent informing him that his account with Goldman Sachs had been purchased by LVNV Funding, LLC, and that LVNV was outsourcing the collection of Branch's outstanding balance to Resurgent. *Id.* ¶ 13; Collection Email (Doc. 3-1) at 1. The email was "an attempt to collect a debt" and invited Branch to use Resurgent's website to "resolve [his] debts." Collection Email at 1–2. That same day, Branch wrote in reply to the email that "[he would] not make any payments." Am. Compl. ¶ 14; Branch Email (Doc. 3-2) at 1. His reply was sent to a Resurgent email address. Branch Email at 1 (displaying only "ContactCS@em4965.ecollect.resurgent.com" in the recipient field of the email).

On May 4, 2026, Branch received a letter that Resurgent mailed on April 30, 2026. *Id.* ¶ 15; *see* Resurgent Letter (Doc. 3-3). The letter again explained that "[Resurgent] is a debt collector . . . trying to collect a debt that [Branch] owe[d] to LVNV Funding LLC." Resurgent Letter at 3. It notified Branch that his account "ha[d] been moved into a six-month accelerated prelegal collections track." *Id.* at 1. The letter included a "privacy notice" that featured a list of the "Resurgent Companies." *Id.* at 2. The list included LVNV and Resurgent—but not Credit Control LLC. *Id.*

On May 6, 2026, Credit Control sent its own collection letter to Branch. Am. Compl. ¶ 17; *see* Credit Control Letter (CC Letter) (Doc. 3-4). Credit Control is a Missouri-based debt collection agency. Am. Compl. ¶¶ 8, 17. The

letter explained that Credit Control "is a debt collector" who was "trying to collect a debt that [Branch] owe[d] to LVNV Funding." *Id.* ¶ 17; *see also* CC Letter at 1. The letter offered Branch several payment plans through which he could repay the debt. *See* CC Letter at 1.

Branch alleges that LVNV "authorized the transfer of [his] account from [Resurgent] to [Credit Control]" and did so with "knowledge of [Branch's] written refusal" to pay and "without [giving] any notice to [Branch]." Am. Compl. ¶¶ 32, 34.

On May 26, 2026, Branch filed this action, which brings two claims. *See id.* In the first, he alleges that Credit Control and LVNV violated the FDCPA by sending a collection letter after Branch had notified Resurgent in writing that he refused to pay his debt. *See id.* ¶¶ 20–26. In the second claim, he alleges that the defendants violated the FDCPA by "creat[ing] confusion and deception regarding which entity was authorized to collect his debt." *See id.* ¶¶ 27–38. Credit Control moves to dismiss the amended complaint for failure to state a claim upon which relief can be granted. *See* MTD. Branch opposes. *See* Resp. Credit Control replies in support of its motion. *See* Reply.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but it

demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss" under Rule 12(b)(6), a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's factual allegations are accepted "as true" and construed "in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Consideration is limited "to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec.*, Inc., 358 F.3d 840, 845 (11th Cir. 2004), *abrogated on other grounds by Twombly*, 550 U.S. at 544.

## III. ANALYSIS

Credit Control moves to dismiss Branch's amended complaint for failure to state a claim upon which relief can be granted. MTD at 2–7. According to

Credit Control, Branch fails to allege that he directly notified Credit Control of his refusal to pay the debt or that Credit Control's letter contained any false or misleading statements. *Id.* at 3–6. Branch responds by alleging a "coordinated scheme" between the parties and arguing that Credit Control is liable for LVNV's conduct "[u]nder principles of agency and joint liability." Resp. ¶¶ 8, 17. Credit Control replies that "[Branch] fails to rectify the fatal flaw to all of his claims – that he did not notify Credit Control of his refusal to pay." Reply at 3.[1] I agree with Credit Control that Branch fails to allege that Credit Control violated the FDCPA.

Concerned by predatory practices within the debt collection industry, Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Glover v. Ocwen Loan Servicing, LLC*, 127 F.4th 1278, 1284 (11th Cir. 2025) (quoting 15 U.S.C. § 1692(e)). Under the statute, "[d]ebt collectors are categorically prohibited from making false or misleading representations and from engaging in abusive and unfair practices in connection with the collection of any debt." *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1302 (11th

[1] Branch filed a sur-reply to Credit Control without leave. *See* Branch Sur-reply (Doc. 29). I do not consider it in resolving this motion.

Cir. 2015). "[The FDCPA] authorizes private lawsuits and weighty fines designed to deter wayward collection practices." *Glover*, 127 F.4th at 1284 (quoting *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 81 (2017)). Debt collectors who violate the statute's provisions are liable to those they harm. *See id.* at 1285.

"To state a claim under FDCPA, [Branch] must allege that (1) [he] has been the object of collection activity arising from consumer debt, (2) [Credit Control] is a debt collector as defined by the FDCPA, and (3) [Credit Control] has engaged in an act or omission prohibited by the FDCPA." *Meyer v. Fay Servicing, LLC*, 385 F. Supp. 3d 1235, 1243 (M.D. Fla. 2019) (citation modified). Credit Control does not dispute that it is a debt collector or that Branch has been the object of a collection activity arising from consumer debt but denies that it has violated the relevant provisions of the FDCPA. *See* MTD at 3–7.

### A. FDCPA Section 1692c(c)

Under 15 U.S.C. § 1692c(c), "[i]f a consumer notifies a debt collector in writing that the consumer refuses to pay a debt . . . the debt collector shall not communicate further with the consumer with respect to such debt."

Branch alleges that Credit Control violated this provision when it sent him its collection letter because it "communicated with [Branch] regarding the same alleged debt" after "[Branch had] notified [Resurgent] in writing by email

that [he] would not make any payments." Am. Compl. ¶¶ 22, 24. Credit Control argues that Branch has failed to allege that "he [ever] notified Credit Control that he refused to pay the account." MTD at 3. Branch responds that, "[u]nder principles of agency and joint liability, LVNV's knowledge of Plaintiff's refusal, combined with its authorization of the transfer to Credit Control . . . subjects both LVNV and Credit Control to liability under § 1692c(c)." Resp. ¶ 8. Credit Control replies that "[Branch] cannot assert claims against Credit Control based solely on LVNV's actions or inaction." Reply at 2.

The parties dispute whether the notice given to Resurgent supports liability for Credit Control. It does not. The text of Section 1692c(c) ascribes liability only to the debt collector who received the written communication by the consumer. *See Lamirand v. Fay Servicing, LLC*, 38 F.4th 976, 981 (11th Cir. 2022) ("[T]his portion of the FDCPA prohibits a debt collector from contacting a debtor who has sent *it* a written request to stop communicating with her." (emphasis added)). The text, alone at least, does not contemplate an agency theory of liability.

Although Branch responds that "LVNV's knowledge of Plaintiff's refusal" suffices to subject "Credit Control to liability" because it acted as LVNV's agent, he cites no support for this claim, *see* Resp. ¶ 8, and Credit Control correctly notes that "knowledge of a principal is not imputed to the agent," Reply at 2; *see United States v. Planes*, No. 8:18-CV-2726-T-23TGW,

2019 WL 3024895, at *10 (M.D. Fla. July 11, 2019); *Bacelli v. MFP, Inc.*, 729 F. Supp. 2d 1328, 1334 (M.D. Fla. 2010) (rejecting the plaintiff's argument that the principal's "knowledge of Plaintiff's representation should be imputed to [the defendant debt collector] under a 'special exception' to the general rule that knowledge of the principal is not imputed to the agent"). Branch's argument is unavailing. Accordingly, I dismiss without prejudice Count I as to Credit Control.

**B. FDCPA Section 1692e**

Under 15 U.S.C. § 1692e, debt collectors are prohibited from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt." A communication is in connection with the collection of any debt if it "conveys information about a debt and its aim is at least in part to induce the debtor to pay." *Lamirand*, 38 F.4th at 979 (citation modified).

The Eleventh Circuit "employ[s] the 'least-sophisticated consumer' standard to evaluate whether a debt collector's communication violates [Section] 1692e of the FDCPA." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193 (11th Cir. 2010) (per curiam) (citing *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985); *see also Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1209–10 (11th Cir. 2019). "[T]he least sophisticated consumer possesses a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Pinson*, 942 F.3d at

1210 (citation modified). The standard assumes the perspective of someone who is "ignorant," "gullible," "unthinking," and possessing "below-average sophistication or intelligence," but "preserv[es] a quotient of reasonableness" so that it may "prevent[] liability for bizarre or idiosyncratic interpretations of collection notices." *Id.* (citation modified).

Branch claims that Credit Control violated Section 1692e by attempting to collect his debt "without disclosing that Credit Control was a new collector, that the account had been transferred, or that [Branch] had previously refused to pay." Am. Compl. ¶¶ 33–34. Credit Control moves to dismiss the claim because its letter was "not false, deceptive or misleading with regard to the account information or Credit Control's relationship to the account." MTD at 7. Branch responds that "[t]he deception is not necessarily in the language of Credit Control's letter itself but in the coordinated scheme" of transferring his account without notice after he "asserted his right to cease communications." Resp. ¶ 17. Branch argues that by not directly informing him that his account had been transferred, Credit Control "fail[ed] to disclose material facts" and that this in and of itself is sufficiently "deceptive" to support liability. *See* Resp. ¶ 23.

I agree with Credit Control that Branch fails to state a claim. Branch does not identify any provision in the FDCPA that requires a debt collector to inform a consumer that their account has been transferred, *see generally* Resp.,

and it is not, without more, a "false, deceptive, or misleading representation" for a debt collector to inquire about a debt owed without explaining prior transfers of that debt, 15 U.S.C. § 1692e.

"While the least sophisticated consumer standard is a low bar, [Branch] cannot meet it." *Pinson*, 942 F.3d at 1210. Branch alleges Credit Control's letter "created confusion and deception regarding which entity was authorized to collect the debt" and "was actually in control of [his] account." Am. Compl. ¶ 35. But Credit Control introduced itself with a different name than Resurgent, explained that it was acting as a debt collector on behalf of LVNV, and included all information required by the FDCPA. *See* 15 U.S.C. § 1692g; CC Letter. Not even the least sophisticated consumer could, after "read[ing] [the] collection notice with some care," *Pinson*, 942 F.3d at 1210 (citation modified), conclude that Credit Control was Resurgent or that Credit Control was not authorized by LVNV to collect the debt. Branch does not point to any other false, misleading, or deceptive representations that Credit Control made in its communication. *See* Am. Compl. ¶¶ 33–34.

And insofar as Branch now argues that the deceptive conduct consisted not in the language of the letter but in the "scheme" of transferring his account from Resurgent to Credit Control, *see* Resp. ¶ 17, his amended complaint alleges that it was LVNV who "authorized" the transfer with "knowledge of [Branch's] written refusal," *see* Am. Compl. ¶¶ 32, 34. "To state a claim under

the FDCPA, plaintiff must allege that . . . *the defendant* has engaged in an act or omission prohibited by the FDCPA." *Meyer*, 385 F. Supp. 3d at 1243 (citation modified). Branch cannot sue Credit Control for an act that he attributes to LVNV.

Branch fails to allege specific conduct by Credit Control in violation of Section 1692e. Accordingly, I dismiss without prejudice Count II as to Credit Control.

## IV. CONCLUSION

Branch fails to state a claim against Credit Control upon which relief can be granted. Accordingly, the following is **ORDERED**:

1. Defendant's Motion to Dismiss (Doc. 12) is **GRANTED.**
2. Counts I and II of the Amended Complaint (Doc. 3) are **DISMISSED without prejudice** as to Credit Control.
3. Branch may file a second amended complaint that addresses this order's concerns no later than **August 17, 2026**.

**ORDERED** in Tampa, Florida, on August 3, 2026.

Kathryn Kimball Mizelle
United States District Judge