**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

GARY BRANCH,

Plaintiff,

v. Case No. 8:26-cv-1557-KKM-AAS

LVNV FUNDING, LLC, et al.,

Defendants.

---

**ORDER**

Gary Branch sues LVNV Funding, LLC, Resurgent Capital Services L.P., and Credit Control, LLC, alleging that the defendants violated the Fair Debt Collection Practices Act (FDCPA) by sending unlawful debt collection communications. *See* 2d Am. Compl. (Doc. 36); Am. Compl. (Doc. 3). On August 3, 2026, I directed Branch to show cause why the action should not be dismissed for lack of standing. *See* (Doc. 34). Upon review of Branch's response to the order, Resp. (Doc. 35), and his subsequently filed second amended complaint, I conclude that he fails to sufficiently allege standing and I dismiss the complaint for lack of jurisdiction. Even if jurisdiction existed, dismissal is warranted because Branch's second amended complaint remains a shotgun pleading.

To satisfy Article III's standing requirements, a plaintiff must allege that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). A "bare procedural violation, divorced from any concrete harm, [cannot] satisfy the injury-in-fact requirement of Article III." *Id.* at 341; *see TransUnion LLC v. Ramirez*, 594 U.S. 413, 441–42 (2021). In other words, "a plaintiff does not 'automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.' " *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 997 (11th Cir. 2020) (quoting *Spokeo*, 578 U.S. at 341). "[S]tatutory violations do not—cannot—give [courts] permission to offer plaintiffs a wink and a nod on concreteness [of injury]. Plaintiffs must show, and the courts must ensure, that an alleged injury is concrete, or else [they] have no jurisdiction to consider it." *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 925 (11th Cir. 2020) (en banc). "[C]onclusory allegations of injury are not enough to confer standing." *Tsao v. Captiva MVP Rest. Partners, LLC*, 986 F.3d 1332, 1343 (11th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

On July 6, 2026, Defendant Credit Control, LLC, moved to dismiss the amended complaint for failure to state a claim. MTD (Doc. 12). On August 3, 2026, I granted the motion but allowed Branch to amend to address the

pleading insufficiencies. Order (Doc. 33). The same day, I entered an order for Branch to show cause why his allegations of harm are sufficient to demonstrate injury-in-fact for Article III standing. OSC (Doc. 34). On August 5, 2026, Branch filed his response to the order to show cause. Resp. The same day, he also filed his second amended complaint, which primarily addresses the pleading deficiencies identified in the dismissal order. *See* 2d Am. Compl. ¶¶ 16, 24.

As relevant here, 15 U.S.C. § 1692c(c) provides that, "[i]f a consumer notifies a debt collector in writing that the consumer refuses to pay a debt . . . the debt collector shall not communicate further with the consumer with respect to such debt," and 15 U.S.C. § 1692e provides that debt collectors are prohibited from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt." Branch alleges that the defendants violated both provisions. *See* 2d Am. Compl. ¶¶ 19–36.

Across the three iterations of his complaint, Branch has relied on essentially the same conclusory allegations of injury. The amended complaint alleged that Branch "has suffered actual damages as a result of the illegal debt collection communications by Defendants in the form of intrusion of seclusion, invasion of privacy, loss of productive time, decreased ability to focus on tasks, frustration, emotional distress, anger, and anxiety, amongst other negative emotions." Am. Compl. ¶ 19; *see* Compl. ¶ 17 (alleging the same). In his second

amended complaint, Branch made slight changes to his allegations of damages. *See* 2d Am. Compl. ¶ 18. Branch now alleges that he "has suffered actual damages in the form of unwanted and unlawful communications, loss of productive time, loss of ability to focus on work and personal tasks, invasion of privacy, intrusion upon seclusion, emotional distress, frustration, anxiety, and other harm to his peace of mind," *id.*, and that "[t]hese injuries flow directly from Defendants' violation of [Branch's] statutory rights under the FDCPA," *id.* Branch further alleges that "Congress's enactment of statutory damages provisions in 15 U.S.C. § 1692k reflects Congress's recognition that such injuries are concrete and particularized injuries that warrant federal redress." *Id.*

As a threshold matter, Branch's response makes no argument for how Count II alleges an Article III injury-in-fact. *See* Resp. at 1–5 (arguing only that there is an injury from the violations of Section 1692c(c)). As for Count I, Branch contends that the harms alleged in paragraph eighteen are sufficient. *See id.* ¶¶ 3–5. He does not expound on the alleged harms or provide any specific details that could be included in an amended complaint. *See id.* Branch avers that the allegations are sufficient because the violations of Section 1692c(c) are "coupled with the concrete harms that necessarily flow from receiving unwanted collection communications after exercising a statutory right to refuse them." *See id.* ¶ 8. That may be so when the concrete harms are

pleaded with particularity, but Branch has not done so across any of his three complaints. Instead, he pleaded a host of potential harms in purely conclusory fashion. *See* 2d Am. Compl. ¶ 18; Am. Compl. ¶ 19; Compl. ¶ 17. This is insufficient. *See Tsao*, 986 F.3d at 1343.

Branch also appears to argue that the alleged statutory violation is sufficient on its own because Congress provided for statutory damages to compensate for intangible harms. *See* Resp. ¶¶ 6–8. Although "[i]ntangible injuries sometimes qualify as concrete, [they do] not always. In particular, a plaintiff does not 'automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.' " *Trichell*, 964 F.3d at 997 (quoting *Spokeo*, 578 U.S. at 341). To determine if a statutory violation alone causes a concrete intangible harm, one should "compar[e] new causes of action to old ones." *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 48 F.4th 1236, 1243 (11th Cir. 2022) (en banc). But Branch does not argue that violations of Section 1692c(c) resemble any established cause of action. *See generally* Resp. I decline to formulate any such arguments for him. Accordingly, Branch fails to demonstrate that his conclusory allegations of harm suffice to confer standing and I dismiss his action for lack of subject matter jurisdiction.

In the alternative, even if Branch had sufficiently alleged an injury-in-fact, I would dismiss Branch's action because he has pleaded yet another

shotgun complaint. On May 26, 2026, I dismissed Branch's original complaint as an "impermissible shotgun pleading" because "each count improperly realleges all preceding paragraphs, leading to a situation where count II contains irrelevant factual allegations and legal conclusions" and because "the complaint fails to identify 'which of the defendants the claim is brought against.' " *See* (Doc. 2) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321, 1323 (11th Cir. 2015)). In short, the complaint was guilty of the "[t]he most common type" of shotgun pleading and "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *See Weiland*, 792 F.3d at 1321, 1323. The order warned Branch that if he "submits another shotgun pleading, this action may be dismissed without further notice." (Doc. 2).

Branch's second amended complaint commits both shotgun pleading errors found in his original complaint. *See* 2d Am. Compl. ¶ 28 (improperly realleging "all preceding paragraphs"), *id.* ¶¶ 19–36 (failing to specify which claims are brought against which defendants). Branch fails to clearly identify which defendants are the subject of either count, leaving both devoid of identification of any defendant. *See id.* at 5, 7. In Count I, he does allege at one point or another that each defendant violated the statutory provision upon which Count I is predicated. *See id.* ¶¶ 24–26. But in Count II, he does not

provide even this amount of detail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *See id.* ¶¶ 28–36; *Weiland*, 792 F.3d at 1323. In keeping with the warning in my previous order, *see* (Doc. 2), I alternatively dismiss Branch's action because he has once again submitted a shotgun pleading.

Accordingly, the following is **ORDERED**:

1. Branch's Second Amended Complaint (Doc. 36) is **DISMISSED** for lack of subject matter jurisdiction and, in the alternative, as a shotgun pleading.
2. The Clerk is directed to **ENTER JUDGMENT**, which shall read, "This case is dismissed without prejudice," **TERMINATE** any pending motions or deadlines, and **CLOSE** the case.

**ORDERED** in Tampa, Florida, on August 13, 2026.

Kathryn Kimball Mizelle
Kathryn Kimball Mizelle
United States District Judge